# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANCIS C. MBEWE, # 360-922 | * | |
| Plaintiff, | * | Civil Action No. AW-12-cv-3344 |
| v. | * | |
| UNKNOWN NAMES OF MAILROOM MAILROOM CLERKS, MCCDR, and CAPTAIN DAVID. | * * | |
| Defendants. | * | |

***

## MEMORANDUM

Self-represented Plaintiff Francis C. Mbewe is suing Defendants "Unknown Names of Mail Room Clerks, Montgomery County Department of Correctional and Rehabilitation Mailroom Clerks and Captain David" under 42 U.S.C. § 1983 for denial of access to courts. ECF Nos. 1 and 5. Defendants, by their counsel, have filed a Motion to Dismiss the Complaint (ECF No. 38) for failure to state a claim against them and on the grounds of qualified immunity, to which Mbewe has filed a Reply. ECF Nos. 40 and 42.

## BACKGROUND

Mbewe alleges improper handling of his mail at the Montgomery County Department of Correction and Rehabilitation ("MCDCR") delayed filing of his "De Novo Notice of Appeal" in Criminal Case No. OD00238007,[1] thereby causing dismissal of the appeal as untimely. ECF No.

---

[1] On October 6, 2009, Mbewe pleaded guilty to fourth-degree sex offense in the District Court for Montgomery County. http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=0D00238007&loc=23&detailLoc. =DSCR. Electronically accessed records indicate he was fined, credited for time served, and released the same day. *See id*.

5 at 4. Additionally, he alleges Defendants' actions resulted in the untimely filing of his petition for federal habeas corpus attacking an unrelated conviction under 28 U.S.C. § 2254.[2] *Id*

Mbewe, whose claims arise from the time he was incarcerated at the Montgomery County Correctional Facility ("MCCF") in Boyds, Maryland,[3] states that on October 6, 2009, his legal mail containing the De Novo Notice of Appeal[4] was deposited in a "Mail box MRP," the envelope clearly stamped as legal mail and indicating "N/F for insufficient funds" so that the mail clerk would affix postage. ECF No. 5 at 3. He claims the mail was returned to him in December of 2009, by the mail room clerk, marked "return to sender." *Id*. at 4. Mbewe claims the mail clerk refused to send the legal mail. *Id.* at 4; ECF No. 1 at 8. Mbewe resent the legal mail "pursuant to Cpt. David ['s] instruction." ECF No. 1 at 8. Mbewe does not other specify the individual or individuals who allegedly refused his legal mail. Mbewe claims his subsequent attempts to send the mail were unsuccessful, with the mail returned to him each time stamped "return to sender." *Id*.[5] Mbewe has filed copies of undated envelopes addressed to the Clerk of

---

[2] On October 7, 2011, this Court dismissed Mbewe's Petition under 28 U.S.C. § 2254, as time-barred. *See Mbewe v. Sowers, et al.,* Civil Action No. AW-11-573 (D. Md. 2011). In that case, Mbewe challenged his conviction in a Criminal Action 3D00233593 in the Circuit Court for Montgomery County for armed robbery and second-degree assault. A state post-conviction hearing in that case is scheduled to be held on January 29, 2014. *See* http://casesearch.courts. state.md.us /inquiry/inquiryDetail.jis?caseId=113795C&loc=68&detailLoc=MCCR. It should be noted Respondents moved to dismiss Mbewe's federal petition for habeas relief as both unexhausted and untimely. *See Mbewe v. Sowers, et al.,* Civil Action No. AW-11-573; *Mbewe v. Sowers*, Civil Action No. AW-11-1556 (D.Md. 2011).

[3] Mbewe is currently incarcerated at the Western Correctional Institution. *See* http://www.dpscs.state.md.us/locations/wci.shtml.

[4] Under Maryland law, a defendant who enters a plea of guilty in circuit court gives up the right to a direct appeal, but has a right to ask for leave to appeal to the Court of Special Appeals. *See Bruno v. State*, 332 Md. 673, 688-89 (1993); *see also* Md.Code Ann., Cts. & Jud. Proc., §§ 12–301 (appeals from final judgment) and 12–302(e) (2) (application for leave to appeal following plea) (1998 Repl.Vol.); Md. Rules 8–202 and 8–204. This raises the question whether Mbewe's self-titled "De Novo Appeal" would have been deemed properly filed had it reached the state court at an earlier date. Further, leave to appeal is granted after entry of a plea on four limited grounds (jurisdiction, legality of sentence, competency of counsel, and voluntariness of the plea), *see e.g. State v Thornton*, 73 Md. App. 247 (Md. App. 1987). Mbewe does not state the grounds for appeal set forth in his "De Novo Appeal."

[5] On February 11, 2010, Mbewe was transported from the MCCF to a Division of Correction facility. He returned to MCCF on an unstated date.

the Court, Judicial Center, 50 Maryland Avenue in Rockville, Maryland, stamped "legal mail" and "return to sender" with "N/F" written in the upper right. ECF No. 5, Exhibits C and D.

Mbewe claims he informed Captain David of the mail situation several times, and asserts that "[a]s a result of the mail room Clerks and Captain David refusal and gross negligence to timely send" the mail, his appeal was filed late. Plaintiff filed a prisoner grievance on March 31, 2010, complaining his legal mail "keeps on being returned," and indicating he had no money in his prison account. ECF No. 5, Exhibit A. Mbewe submitted a second grievance on April 12, 2010, concerning his mail and lack of funds. ECF No. 5, Exhibit B. He indicates that he resent the mail by depositing it in the MCDCR mailbox pursuant to Captain David's instructions. ECF No. 1 at 9. Mbewe notes that on April 19, 2010, Captain David resolved his "grievance about being denied access to the court by sending the mail out personally," but the appeal was denied as untimely by the Honorable Eugene Wolf on April 23, 2010 in Criminal Case No. OD00238007. *Id*. at 5; ECF No. 1 at 9. As redress, Mbewe seeks unspecific compensatory and punitive damages and declaratory relief. ECF 5 at 3.

## DISCUSSION

A. **Standard of Review**

Mindful that Mbewe is a self-represented litigant, the Court accords his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007). Liberal construction does not mean that the Court may ignore a clear failure to allege facts stating a federal claim, nor may the Court assume the existence of a genuine issue of material facts where there is none. *See Weller v. Department of Social Services*, 901 F.2d 387, 390–91 (4th Cir. 1990). The Court is obliged to dismiss an action where, as is the case here, Plaintiff is proceeding in forma pauperis and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir.2006). In this regard, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

**B. Access To Courts**

Inmates "have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc). In order to succeed on a denial of denial of access to the courts claim, an inmate must demonstrate an impediment to the pursuit of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349, 353 (1996) ("It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts."). Further, an inmate must allege specific injury resulting from the alleged denial of access. *See Lewis*, 518 U.S. at 349; *see also Cochran*, 73 F.3d 1317 (stating a prisoner cannot rely on conclusory allegations in an denial of access claim, and "[s]pecificity is necessary so that

prison officials are not required to file unnecessary responses to speculative allegations"); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993) (stating inmate had a "basic requirement that he show specific harm or prejudice from the allegedly denied access").[6] Under the allegations set forth here, and assuming Defendants "refused" and returned Mbewe's mail for lack of postage, it is not apparent the conduct abridged a constitutional right. Indeed, Mbewe acknowledges Defendant David's efforts to explain institutional mailing rules to him and ensure his mail was sent. These actions included personally mailing Mbewe's legal documents. Mbewe's allegations of fact thus belie his claims of gross negligence, much less state a claim of constitutional dimension. Even when Mbewe's allegations of fact are judged in the light most favorable to him, he fails to demonstrate any basis to appeal his conviction based on his guilty plea, and fails to state a claim of constitutional magnitude.[7]

Defendants further assert the allegations against "Unknown Names of Mail Clerks at the Montgomery County Department of Correction and Rehabilitation" and the "Montgomery County Department of Correction and Rehabilitation" are vague, incomplete, and conclusory. The undersigned agrees. Mbewe's speculative conclusions fail to state a denial of access to courts claim.

Respondents further that MCCF, where the events at issue occurred, is not amenable to suit because it is a correctional facility owned and operated by Montgomery County. No provisions in any statute or regulation empower the MCCF to sue or be sued in its own right as a subordinate agency of Montgomery County Maryland. *See Bourexis v. Carroll County Narcotics Task Force*, 96 Md.App. 459, 467–68 (1983) (ruling the Carroll County Narcotics Task Force is

---

[6] *See infra* n. 4 (noting likely infirmities in the self-titled De Novo Appeal).

[7] Mbewe does not state whether he requested reconsideration of the dismissal of his appeal as untimely nor whether he has sought post-conviction relief or other state relief as to this judgment of conviction.

not an entity subject to suit). MCCF has no capacity to sue or be sued and the claims against it will be dismissed.

To the extent Mbewe's allegations are predicated on the operation of the MCCF, under Article 25A of the Annotated Code of Maryland chartered counties, including Montgomery County, have the capacity to "sue and be sued." As part of its express powers, Montgomery County is authorized under Article 25A § 5(c) to "establish, maintain, regulate and control county jails and county houses of correction or detention and reformatories, and to regulate all persons confined therein." Under this authority, Montgomery County enacted § 2-28 of the Montgomery County Code (1994 as amended) which created the MCDCR to operate detention and rehabilitation programs under the county's jurisdiction. *See Polk v. Montgomery County*, 548 F. Supp. 613, 615 (D. Md 1982) (noting Montgomery County "has created a department of correction and rehabilitation"). Pursuant to this authority, Montgomery County established the Montgomery County Detention Center and MCCF. ECF No. 38, n. 1. However, there are no provisions in any statute or regulation empowering MCDCR to sue or be sued in its own right as a subordinate agency of Montgomery County, Maryland. [8]

As previously noted, Mbewe acknowledges that Defendant David explained institutional mailing procedures to him and when a problem persisted, personally mailed the legal document for Mbewe. Acordingly, Mbewe's claim against David fails.

## CONCLUSION

For these reasons, Defendants Motion to Dismiss will be granted. A separate Order will be entered consistent with this Memorandum.

Date: December 2, 2013                                             /s/
                                                                    Alexander Williams, Jr.
                                                                    United States District Judge

---

[8] In light of the above, this Court need not reach Defendants' qualified immunity defense.